IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>      Plaintiff,<br><br>  v.<br><br>LOCAL 568, TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO,<br><br>      Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Martin J. Walsh, Secretary of Labor, alleges as follows:

## NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (the "Act"), 29 U.S.C. §§ 481-83, for a judgment declaring that the December 15, 2021 election of union officers conducted by Transport Workers AFL-CIO, Local 568 ("Defendant" or "Local 568") for the office of President is void, and directing the Defendant to conduct a new election for this office under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Martin J. Walsh is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of Miami-Dade, Florida, within the jurisdiction of this district.

**FACTUAL ALLEGATIONS**

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) and 401(b) of the Act. 29 U.S.C. §§ 402(i)-(j); 481(b).

7. Defendant is subordinate to the Transport Workers Union of America, AFL-CIO ("TWU" or "TWU International"), an international labor organization within the meaning of sections 3(i) and 3(j) of the Act. 29 U.S.C. § 402(i)-(j).

8. Defendant, purporting to act pursuant to its Bylaws and the TWU Constitution, conducted a regularly scheduled election of officers on December 15, 2021, that was subject to the provisions of Title IV of the LMRDA, 29 U.S.C. §§ 481-483.

9. Luis Rodriguez-Serrano was elected President of Local 568 during Local 568's December 2018 regularly-scheduled election of officers.

10. At the time of Rodriguez-Serrano's election in December 2018, the Local 568 Executive Board consisted of: President Rodriguez-Serrano, First Vice President Carlos Hernandez, Second Vice President Joe Catucci, Secretary Treasurer Gregorio Iglesias, Recording Secretary Jimmy Gonzalez, and Executive Board Members Mitchell Lieberman, Ralston Headley, Kevin Starling, and John Whitehead.

11. During his tenure as President, Rodriguez-Serrano created the Communications Committee.

12. The Communications Committee included members Jarrod Gillen, Paul Paris, Leonel Iglesias, Richard Desrouleaux, and Alex Rosario. Gillen served as the Chair of the Communications Committee.

13. On or about April 17, 2020, at a Local 568 Executive Board meeting, Lieberman brought a motion to report to the Executive Board expenses incurred to the members from the Communications Committee from January 2019 through April 17, 2020. Catucci seconded this motion, and it was voted on and passed.

14. On or about April 17, 2020, at a Local 568 Executive Board meeting, Lieberman brought another motion for the Recording Secretary to be provided with all passwords and access to the Local 568 website and all social media accounts held by Local 568. Catucci seconded this motion, and it was voted on and passed.

15. On or about May 20, 2020, at a Local 568 Executive Board meeting, Rodriguez-Serrano removed Gillen from the role of Chair of the Communications Committee and stated all communications would be solely under his jurisdiction.

16. On or about May 20, 2020, at a Local 568 Executive Board meeting, Rodriguez-Serrano informed the Executive Board members that all passwords would be placed in a safe box, and that the Board would be notified once he received the code number to the safe box.

17. No Executive Board members present at the May 20, 2020 Executive Board meeting objected to Rodriguez-Serrano placing all passwords in a safe box.

18. On or about June 15, 2020, at a Local 568 Executive Board meeting, Catucci brought a motion to suspend the use of the Communications Committee. This motion passed by a vote of seven to one.

19. On or about July 22, 2020, at a Local 568 Executive Board meeting, Catucci brought two charges against Rodriguez-Serrano: a charge for failing to suspend the Communications Committee as agreed upon at the June 15, 2020 Executive Board meeting, and a charge for failing to turn over passwords for Local 568's website and social media as agreed upon at the April 17, 2020 Executive Board meeting.

20. After Catucci brought the charges against Rodriguez-Serrano at the July 22, 2020 Executive Board meeting, the Executive Board voted six to two to suspend Rodriguez-Serrano as President of Local 568.

21. Both Catucci and Lieberman voted to suspend Rodriguez-Serrano as President during the July 22, 2020 Executive Board meeting.

22. By letter dated July 24, 2020, Gonzalez provided Rodriguez-Serrano with a written statement of the reasons for his suspension.

23. The July 24, 2020 letter directed Rodriguez-Serrano to appear before the Executive Board on July 31, 2020 at 10:00 AM for a hearing.

24. The July 24, 2020 letter also stated, "This hearing will allow you the opportunity to explain your conduct to the Board as provided in Article XXI of the TWU Constitution."

25. Article XXI of the TWU Constitution, titled "Suspension of Local Officers" states:

Any officer of a Local Union, or of a branch, section, or division thereof, who fails or refuses to adhere to, or carry out, the instructions, directions, or decisions of the Local Executive Board or of the Local Union or of the International Executive Council, or who acts in violation of the Constitution, may be suspended forthwith by the Local Executive Board, or by the International Executive Council. Within five days of such suspension, the suspended officer shall be given a written statement of the reasons for his/her suspension, and within fifteen (15) days thereafter,

he/she shall be given the opportunity to appear and explain his/her conduct to such Board or Council. He/she shall have the right to call any member of the Local Union as a witness and shall have the right to cross-examine any witness or any member of the Local Union or of the International Executive Council who speaks against him/her. A stenographic record shall be made of the proceedings of such hearing, a copy of which shall be furnished to the suspended officer. Upon the conclusion of such hearing the Board or Council shall decide whether the evidence warrants removal of the officer and shall either reinstate the accused to his/her office or remove him/her from his/her office, or may take other appropriate action. The officer thus removed may follow the appellate procedure set forth in Article XXII.

26. On July 28, 2020, Rodriguez-Serrano sent a letter to Gonzalez that stated, in part:

Through this letter, I request a trial by three members in good standing who have no financial or vested interest in the outcome.

In accordance with Article 21 of the TWU Constitution, I request the following witnesses to attend on Friday, July 31:

| | |
|---|---|
| Mike Garcia | Leonel Iglesias |
| Norman Brown | Mitch Lieberman |
| Jarrod Gillen | Carlos Hernandez |
| Alex Garcia | Joseph Catucci |
| David Bates | Richard Desrouleaux |
| Sidney Jimenez | Armando Castillo |
| Claudia Esquivel | Raul Perez |

27. Article XX of the TWU Constitution is titled "Trial of Members." Section 1 of Article XX states:

In the event that the Local Executive Board decides that the charges warrant a trial, the Local Executive Board shall elect a Trial Committee of three members in good standing and shall designate a member in good standing to present the charges before the Trial Committee. The members of the Trial Committee shall be selected by the Executive Board specifically for the trial of such charges and no officer or member who is a party or directly interested in such charges shall act as member of the Trial Committee.

28. Article XX, Section 6 of the TWU Constitution states:

The Local Executive Board shall take such action on the report of the Trial Committee as it may deem proper, and, in the event the accused is found guilty of the charges preferred against

him/her, shall impose such uniformly applied penalties as in its judgment it may deem fitting and proper and including ineligibility to hold any office or appointive position in the Local or International Union for a period not exceeding three years.

29. By letter dated July 29, 2020, Gonzalez replied to Rodriguez-Serrano's July 28, 2020 letter stating, in part:

As per the TWU Constitution you will be receiving your due process as outlined in Article XXI Section 1, and not Article XX Trial of Members. As to your request of having a trial by three members in good standing who have no financial or vested interest in the outcome is respectfully denied, as this is a hearing on you being suspended as President of Local 568 and for you to explain your conduct to the Board.

30. Gonzalez's July 29, 2020 letter also stated, in part:

You may not call upon Mike Garcia to be a witness at your hearing due to him not being a dues paying member to Local 568 since 01/2012. Furthermore you cannot call upon Sidney Jimenez as a witness at your hearing due to him being in bad standing.

31. On July 29, 2020, Rodriguez-Serrano sent a second letter to Gonzalez requesting the same witnesses he requested in his July 28, 2020 letter.

32. Gonzalez did not respond to Rodriguez-Serrano's July 29, 2020 letter.

33. The July 31, 2020 hearing ("the hearing") started at 1:07 p.m.

34. Catucci chaired the hearing.

35. Catucci appointed Lieberman to co-chair the hearing.

36. Norman Bates represented Rodriguez-Serrano at the hearing.

37. Rodriguez-Serrano called four witnesses during the hearing: Leonel Iglesias, Raul Perez, Jarrod Gillen, and Armando Castillo.

38. Gonzalez served as a witness for Local 568 at the hearing, and Rodriguez-Serrano had the opportunity to cross-examine him.

39. During the hearing, Rodriguez-Serrano asked Catucci if the proceeding was a trial or a suspension. Catucci responded, "At the end of this we will consider putting you back as president or removing you from the presidency."

40. At multiple points during the hearing, Catucci ignored Rodriguez-Serrano's attempts to speak, or interrupted him and did not allow him to make his statements, telling Rodriguez-Serrano his statements were "irrelevant."

41. At one point during the hearing, Catucci stated, "I am in charge of this committee, and I will direct who speaks and who doesn't speak."

42. Several times prior to the conclusion of the hearing, Catucci expressed his belief that Rodriguez-Serrano violated the union's rules, stating the purpose of the hearing was for Rodriguez-Serrano to "explain [his] conduct and actions as why [he] willfully refused to adhere to carry out the instructions and directions of the Local Executive Board."

43. The hearing lasted approximately five hours.

44. On or about August 3, 2020, Lieberman sent a letter to Rodriguez-Serrano that stated:

This letter is to inform you that upon conclusion of your hearing July 31, 2020, under Article XX1 of the TWU Constitution 2017 [e]dition, the Executive Board after careful review and discussion of the charges brought forth by 2nd Vice President Joe Catucci, had decided by majority vote to remove you from your position as President of TWU Local 568 for the remainder of your term and has placed you in bad standing for a period of three (3) years effective July 31, 2020. You will be ineligible to attend Union meetings, or participate in any Union functions. Per Article XX section 7 of the TWU Constitution 2017 edition which states " If any officer of the Local Union is found guilty of the charges preferred against him/her, the Local Executive Board may remove him/her from office in addition to any other uniformly applied penalty it may imposed including ineligibility to hold any office or appointive position in the Local or International Union for a period not exceeding three years ".

You have the right to follow the appellate procedure set forth in Article XXII [o]f the TWU Constitution 2017 edition.

45. Article XX, Section 7 of the TWU Constitution states:

If any officer of the Local Union is found guilty of charges preferred against him/her, the Local Executive Board may remove him/her from office in addition to any other uniformly applied penalty it may impose including ineligibility to hold any office or appointive position in the Local or International Union for a period not exceeding three years.

46. Rodriguez-Serrano's communications with the Local 568 Executive Board prior to and during the July 31, 2020 hearing did not provide Rodriguez-Serrano with notice that the possible outcomes of the hearing would extend beyond those enumerated in Article XXI of the TWU Constitution – reinstatement, removal, or "other appropriate action" (not to include ineligibility to hold office, as that outcome is only enumerated in Article XX).

47. At no point prior to the July 31, 2020 hearing was Rodriguez-Serrano informed that the July 31, 2020 hearing could result in disciplinary action against him, including ineligibility to hold office.

48. On or about August 10, 2020, Rodriguez-Serrano appealed the decision of the Local 568 Executive Board to the TWU International Committee on Appeals.

49. In his August 10, 2020 appeal, Rodriguez-Serrano stated, in part:

The following letter was also sent to me on August 3, 2020, notifying that I was placed in bad standing and was never part included in[] the hearing in which the decision was made for me to be in bad standing, a decision on which I totally disagree.

50. On or about August 13, 2020, Lieberman sent a letter to Rodriguez-Serrano that stated:

At the Executive Board meeting that was held on Wednesday August 12, 2020, the Local Executive Board voted to placed you in bad standing for 3 years effective date of this letter. You will not be able to attend any Union functions Local or International.

51. On or about August 17, 2020, Rodriguez-Serrano appealed the decision of the Local 568 Executive Board to TWU International Secretary-Treasurer Jerome Lafragola.

52. In his August 17, 2020 appeal, Rodriguez-Serrano stated, in part:

TWU Local 568 Executive Board acted in an arbitrary, absurd, fraudulent and unconstitutional manner when issuing a judgment based on the illegal interference of the Executive Board in the

duties and powers conferred explicitly on me by the TWU Constitution and without the due process of law, a process in which my accuser acted as judge, jury, and executioner.

53. Rodriguez-Serrano's August 17, 2020 appeal also stated, in part:

Since charges were brought up, I was entitled to have a trial with a three-member panel. I communicated this to the Local Executive Board twice, and they refused to grant a trial. . . . I was deemed ineligible to run for office for three years; however, this is illegal since, for this to have happened, a trial with a three-member panel had to take place, and it never did.

54. On or about November 3, 2020, the International Committee on Appeals denied Rodriguez-Serrano's appeal.

55. On or about December 1, 2020, Rodriguez-Serrano appealed the decision of the International Committee on Appeals to the TWU International Convention.

56. On or about September 24, 2021, the Delegates of the International Constitutional Convention denied Rodriguez-Serrano's appeal.

57. On or about September 30, 2021, Local 568 placed nomination notices for the December 15, 2021 election on bulletin boards and near time clocks at worksites.

58. To be nominated as a candidate for office for the December 15, 2021 election, a member had to obtain a petition from the Election Committee and get signatures from at least five percent of the membership.

59. At the time of nominations for the December 15, 2021 election, five percent of the Local 568 membership was equivalent to 116 members.

60. Nomination petitions were due by noon on October 29, 2021.

61. Rodriguez-Serrano intended to run for President in the December 15, 2021 election.

62. Hans Roncallo, the Election Committee Chair, did not allow Rodriguez-Serrano to obtain a nomination petition.

63. Roncallo told Rodriguez-Serrano he could not run for office in the December 15, 2021 election because he was in bad standing.

64. By letter and email dated October 12, 2021, Rodriguez-Serrano submitted a pre-election protest to the Local 568 Executive Board.

65. Rodriguez-Serrano's October 12, 2021 pre-election protest stated, in part:

In regards to the claims to any ineligible status placed on myself, the TWU Local 568 Executive Board failed to fulfill the requirements established in the TWU Constitution 2017 Edition . . . Article XX, SECTION 1[.] The TWU Local 568 executive board processed my case as a hearing and it should have been processed as a trial.

66. In an email dated October 13, 2021, Iglesias informed Rodriguez-Serrano that

[A]ccording to the dues paying report supplied to me by TWU International you are a dues paying member of local 568 for 12 consecutive months an[d] then some.

67. By emailed dated October 20, 2021, Roncallo replied to Rodriguez-Serrano's October 12, 2021 pre-election protest stating,

Your emailed directed to the Executive Board has been properly referred to the Election Committee for response. As you are well aware, in accordance with the by-laws, [t]he Election Committee has the responsibility to supervise the election of union officers. Your correspondence to the Executive Board is out of order and is in violation of the by laws which vest the authority to resolve election disputes with the Election Committee.

You have asserted that you pay dues and as such you are a member in good standing, eligible for nomination. As you know, this is an incorrect statement. On August 3, 2020, you were notified that after hearing on charges, you were removed from office and placed in bad standing for a period of three years effective July 31, 2020. You were further notified that you were ineligible to "attend union meetings, or participate in any union functions." . . . You appealed the decision of the Executive Board to the Committee on Appeals as well as to the TWU Convention. On September 24, 2021, you were notified that the delegates voted to uphold the findings of the International Committee on Appeals, which upheld the Local Executive Board decision. . . .

You have been notified that you are not eligible to be nominated for union office based on the above decisions. You are not a member in good standing and as such the decision of this Committee stands: you are not eligible to run for office in this election.

68. By email dated October 25, 2021, Rodriguez-Serrano submitted a pre-election protest to Roncallo.

69. Rodriguez-Serrano's October 12, 2021 pre-election protest and October 25, 2021 pre-election protest are substantively the same.

70. By letter dated October 27, 2021, Roncallo denied Rodriguez-Serrano's October 25, 2021 pre-election protest.

71. The October 27, 2021 denial of Rodriguez-Serrano's pre-election protest stated, in part:

You are not a member in good standing and as such the decision of this Committee stands: you are not eligible to run for office in this election.

Further, to the extent that you are now objecting to the <u>trial procedure</u> under Article XX of the TWU Constitution, those objections were or should have been presented in the appeal of the decision to remove you from office. That is not a matter that the Election Committee would have jurisdiction over.

72. By letter dated November 4, 2021, Rodriguez-Serrano appealed the decision of the Election Committee to Lafragola.

73. By letter dated November 5, 2021, Lafragola informed Rodriguez-Serrano that his appeal was forwarded to the International Committee on Appeals.

74. True Ballot conducted Local 568's December 15, 2021 election via mail ballot.

75. Ballots were mailed to Local 568 members on November 15, 2021.

76. Rodriguez-Serrano was not on the ballot as a candidate for President in the December 15, 2021 election.

77. Rodriguez-Serrano was not permitted to vote in the December 15, 2021 election.

78. On January 24, 2022, having not received a final decision on his October 12, 2021 pre-election protest, Rodriguez-Serrano filed a timely complaint with the Office of Labor-Management Standards ("OLMS") within one calendar month, in accordance with 29 U.S.C. § 482(a)(2).

79. By letter dated March 16, 2022, the International Committee on Appeals denied Rodriguez-Serrano's November 4, 2021 appeal.

80. The March 16, 2022 letter stated, in part:

The Committee are in opinion that a prior case, in which the decision of the Local was appealed and affirmed both by this Committee and the 26th TWU Constitutional Convention Committee on Appeals, decided the determinative issues in this case, and further review of the is[sues] is precluded.

81. The March 16, 2022 letter also informed Rodriguez-Serrano that he could appeal the decision at the next regular Convention of the Transport Workers Union of America, provided his appeal is received by Lafragola within thirty days of receipt of the March 16, 2022 letter.

82. Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated Rodriguez-Serrano's January 24, 2022 complaint and, as a result of the facts shown by his investigation, found probable cause to believe that a violation of Title IV of the Act, 29 U.S.C. §§ 481-83, had occurred and had not been remedied at the time of the institution of this action.

83. By letter signed February 25, 2022, the Defendant agreed that the time within which the Plaintiff may bring suit be extended to April 8, 2022.

84. By letter signed March 21, 2022, the Defendant agreed that the time within which the Plaintiff may bring suit be extended to April 22, 2022.

85. By letter signed April 13, 2022, the Defendant agreed that the time within which the Plaintiff may bring suit be extended to May 6, 2022.

86. By letter signed April 26, 2022, the Defendant agreed that the time within which the Plaintiff may bring suit be extended to May 27, 2022.

## CAUSE OF ACTION

87. Section 401(e) of the Act, 29 U.S.C. § 481(e), requires that every member in good standing shall be eligible to be a candidate and to hold office, subject to section 504 and to reasonable qualifications uniformly imposed.

12

88. Section 3(o) of the Act, 29 U.S.C. § 402(n), defines "member in good standing" as:

Any person who has fulfilled the requirements for membership in [a labor] organization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization.

89. Section 101(a)(5) of the Act, 29 U.S.C. § 411(a)(5), provides that a member may not be disciplined unless such member has been served with written specific charges, given a reasonable time to prepare his defense, and afforded a full and fair hearing.

90. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the December 15, 2021 election by disqualifying Rodriguez-Serrano, a member in good standing, from candidacy for the office of President based on discipline imposed without providing Rodriguez-Serrano with written specific charges or a full and fair hearing, as required by section 101(a)(5) of the Act, 29 U.S.C. § 411(a)(5).

91. The violation of section 401(e) of the Act, 29 U.S.C. § 481(e), may have affected the outcome of the Defendant's December 15, 2021 election for the office of President.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring the Defendant's December 15, 2021 election for the office of President to be void;

(b) directing the Defendant to conduct a new election, including new nominations, for the office of President under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Dated:  May 26, 2022
Miami, Florida

Respectfully submitted,

BRIAN M. BOYNTON
Assistant Attorney General

JUAN ANTONIO GONZALEZ
United States Attorney

By:  s/*Chantel Doakes Shelton*
Chantel Doakes Shelton
Assistant United States Attorney
Florida Bar No. 0118626
Email:  Chantel.DoakesShelton@usdoj.gov
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel: (305) 961-9353
Fax: (305) 530-7139

OF COUNSEL:

SEEMA NANDA
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

JEFFREY LUPARDO
Counsel for Labor-Management
and Civil Rights Enforcement

CHRISTA HENDERSON
Senior Attorney

U.S. Department of Labor