IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No: 22-cv-21644-KLM

JULIE SU, Acting Secretary,
United States Department of Labor,

                Plaintiff,
   v.

LOCAL 568, TRANSPORT WORKERS UNION
OF AMERICA, AFL-CIO,

                Defendant.
_____/

## JOINT PRETRIAL STIPULATION

Pursuant to Local Rule 16.1(e) and the Court's order dated August 5, 2022 (ECF No. 9), Plaintiff, Julie Su, Acting Secretary, United States Department of Labor, and Defendant, Local 568, Transport Workers Union of America, AFL-CIO, through their respective counsel, submit this Pretrial Stipulation.

I.      **PLAINTIFF'S STATEMENT OF THE CASE**

Luis Rodriguez-Serrano, a member of Transport Workers Union ("TWU") Local 568 ("Local 568" or "Defendant"), was unlawfully declared ineligible to be a candidate for President in Defendant's regularly scheduled election of officers on December 15, 2021 following a disciplinary hearing that denied him the full due process rights of section 101(a)(5) of the Labor-Management Reporting and Disclosure Act ("LMRDA").

Section 101(a)(5) of the LMRDA requires, among other things, that union members be given the opportunity for a full and fair hearing prior to being disciplined. 29 U.S.C. § 411(a)(5). Rodriguez-Serrano's July 31, 2020 disciplinary hearing was not full and fair because it was held

before a biased tribunal of Executive Board members who had already voted to suspend him as President of Local 568 and who compiled the evidence used against him at the hearing. Moreover, the Executive Board members who brought the charges against Rodriguez-Serrano and the motions underlying those charges served as chair and co-chair of the hearing. Additionally, the conduct of the hearing was not fair because one of Rodriguez-Serrano's witnesses was assaulted prior to the start of the hearing, and at multiple points during the hearing Rodriguez-Serrano was interrupted, misled, and prevented from fully answering the questions presented.

While the decision to remove Rodriguez-Serrano as President does not constitute a violation of the LMRDA, the subsequent decision to declare Rodriguez-Serrano ineligible to be a candidate for President in the December 15, 2021 election following the unfair July 31, 2020 hearing constitutes a violation of section 401(e) of the LMRDA, which guarantees all members in good standing the right to be a candidate. 29 U.S.C. § 481(e). Because Rodriguez-Serrano was not on the ballot as a candidate for President, Defendant's violation of section 401(e) may have affected the outcome of the December 15, 2021 election. The only available remedy under the statute is a new election conducted under the Department of Labor's supervision. 29 U.S.C. § 482(c). Accordingly, the Court should declare Defendant's December 15, 2021 election for the office of President null and void, and order Defendant to conduct a new election, including new nominations, for that office under the Department's supervision.

II. **DEFENDANT'S STATEMENT OF THE CASE**

TWU Local 568 is a labor organization that represents fleet service workers employed by American Airlines at certain airports. Elections of Local 568 officers and executive board members are conducted every three years. Luis Rodriguez-Serrano was elected President in December 2018. Shortly after assuming office, he created a Communication Committee which

set up a new website for the Union and ran its social media accounts, including Facebook, Twitter, and Instagram. Only Mr. Rodriguez-Serrano had access to the passwords for the website and social media accounts, which were shared with certain members of the Committee but not with the officers or executive board members of the Union. The passwords were needed in order to post information on the website and social media platforms.

In April 2020 the Local's Executive Board passed a motion requiring that the Recording Secretary of Local 568 (as well as all other Executive Board members who may request them) be provided with all passwords and access to the Local's website and social media accounts. In June 2020, the Executive Board passed a motion suspending the use of the Communication Committee. Despite the passage of these motions, Mr. Rodriguez-Serrano did not provide the Recording Secretary, nor any other member of the Executive Board, with the passwords to the website or social media accounts. Nor did he suspend the use of the Communication Committee. To the contrary, he continued to utilize the Committee.

Charges were brought against Mr. Rodriguez-Serrano on July 22, 2020 for failing to adhere to the instructions of the Executive Board pursuant to Article XXI of the TWU Constitution, which provides, in part, that "[a]ny officer of a Local Union, …, who fails or refuses to adhere to, or carry out, the instructions, directions, or decisions of the Local Executive Board …, or who acts in violation of the Constitution, may be suspended forthwith by the Local Executive Board…." The Executive Board suspended Mr. Rodriguez-Serrano at the meeting and provided him with written notice of the reasons for his suspension in a letter dated July 24, 2020. The notice directed Mr. Rodriguez-Serrano to appear before the Executive Board for a hearing and identified the specific Constitutional provisions that he was charged with violating, including the Oath of Office, Article XVI, Section 1, and Article XIX, Sections 5(a) and (n).

In accordance with Article XXI, which specifically requires that the officer be given the

opportunity to appear and explain his/her conduct to the Board, a hearing was held before the members of the Executive Board on July 31, 2020. Mr. Rodriguez-Serrano was represented by Mr. Norman Brown, spoke during the more than four-hour hearing, called several witnesses, and questioned or cross-examined anyone who was present. He was given the opportunity to present any evidence or arguments in his defense of the charges, and was provided with a full and fair hearing before an unbiased tribunal.

After the hearing the Executive Board deliberated and concluded that Mr. Rodriguez-Serrano failed to adhere to the directives of the Executive Board and that he should be removed from office. Mr. Rodriguez-Serrano's failure to adhere to the instructions and directions of the Executive Board is undisputed in this case. The Executive Board also placed Mr. Rodriguez-Serrano in bad standing for period of three years. Because Mr. Rodriguez-Serrano was in bad standing, he was ineligible to run for office in the December 2021 election.

A new Executive Board was elected in December 2021. None of the Officers or Executive Board members who heard the charges against Mr. Rodriguez-Serrano in 2020 were re-elected.

On July 7, 2022, TWU Local 568, through the authority of the new Executive Board, and pursuant to Article XX of the TWU Constitution, conducted a *de novo* evidentiary hearing before a three-member Trial Committee, none of whom had any involvement with the first hearing. Mr. Rodriguez-Serrano was notified of the proceeding but chose not to attend. The Trial Committee found Mr. Rodriguez-Serrano guilty of the charges and recommended that he be placed in bad standing for three years retroactive to July 31, 2020. Local 568's Executive Board accepted the Trial Committee's findings and recommendation.

Because Mr. Rodriguez-Serrano was provided with a full and fair hearing before an unbiased tribunal and because, even if he was not, any defect in the original proceeding was

cured by the subsequent *de novo* trial, the Department of Labor's requests to declare the Union's December 15, 2021 election of the office of President null and void and to order a new election for that office under the Department's supervision should be denied.

### III. BASIS OF FEDERAL JURISDICTION

Defendant, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j), and 401(b) of the LMRDA, is an unincorporated association operating within Miami-Dade County, Florida. 29 U.S.C. §§ 402(i)-(j); 481(b). Defendant is chartered by the TWU, an international organization within the meaning of sections 3(i) and 3(j) of the LMRDA. 29 U.S.C. § 402(i)-(j). Accordingly, this Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345. Venue lies within the Southern District of Florida pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

### IV. PLEADINGS RAISING THE ISSUES

The following pleadings frame the issues in this case:

1. Plaintiff Department of Labor's Complaint (D.E. 1)
2. The Court's Order on Defendant's Motion to Dismiss (D.E. 21)
3. Defendant Local 568's Answer (D.E. 24)

### V. UNDISPOSED OF MOTIONS OR OTHER MATTERS REQUIRING ACTION BY THE COURT

The following motions remain pending:

1. Local 568's Motion for Summary Judgment (ECF No. 26)
2. Department of Labor's Motion for Summary Judgment (ECF No. 28)

### VI. UNCONTESTED FACTS THAT WILL REQUIRE NO PROOF AT TRIAL[1]

---

[1] Given that the parties' cross-motions for summary judgment are currently pending (*see* Section V, *supra*), this Section of the Pretrial Stipulation, as well as Sections VII-IX, *infra*, are composed assuming neither motion has been granted.

*Background*

1. TWU Local 568 is a labor organization that was chartered in 1991 by the Transport Workers Union of America, AFL-CIO in accordance with the TWU Constitution, art. XIV

2. TWU Local 568 represents fleet service workers employed by American Airlines who are based at certain airports.

3. Elections of TWU Local 568 officers and Executive Board members are conducted every three years.

4. In December 2018, Defendant held its regularly scheduled election of officers, and Rodriguez-Serrano was elected President.

5. As a result of the December 2018 election, the Local 568 Executive Board consisted of: President Rodriguez-Serrano, First Vice-President Carlos "Chuck" Hernandez, Second Vice-President Joseph Catucci, Secretary-Treasurer Jorge "Greg" Iglesias, Recording Secretary Jimmy Gonzalez, and Executive Board Members Mitchell Lieberman, Ralston Headley, Kevin Starling, and John Whitehead.

6. Of the Executive Board members elected in the December 2018 election, Rodriguez-Serrano, Hernandez, Catucci, Iglesias, Lieberman, and Headley ran on the same slate.

7. The Executive Board members elected in the December 2018 election took office on January 1, 2019.

*Suspension of Rodriguez-Serrano*

8. During his tenure as President of Local 568, Rodriguez-Serrano established the Communications Committee.

9. Jarrod Gillen was appointed by Rodriguez-Serrano to serve as Chair of the Communications Committee.

10. Rodriguez-Serrano created and maintained the passwords for Local 568's website and social media accounts[2] and shared them with certain members of the Communications Committee but not with Local 568 officers or Executive Board members. The passwords were needed to post information on Local 568's website and social media platforms. A document created by Rodriguez-Serrano stated that the members of the Communications Committee reported exclusively "to the president."

11. Communications Committee members were paid a monthly stipend by the union. In addition, there were times when Rodriguez-Serrano would pull members of the Communications Committee off the manning. In those instances, the members received their regular salaries from American Airlines, and Local 568 was required to reimburse the company. The employees would be coded "UBC," or "Union Business Continued." The union also paid for laptops, computer programs, meals, and video equipment associated with the work of the Communications Committee.

12. Union members, including members of the Executive Board, began expressing concerns about the expenditures associated with the Communications Committee beginning in the Fall of 2019. These concerns escalated over time, particularly in light of anticipated layoffs due to the pandemic.

13. At the April 17, 2020 Local 568 Executive Board meeting, Lieberman made a motion that the Executive Board be presented for review all expenditures incurred by the membership by the Communications Committee from January 1, 2019 to April 17,

---

[2] At the time, Local 568 had a Facebook page, an Instagram account, and a Twitter account.

2020.

14. Lieberman made another motion at the April 17, 2020 Executive Board meeting to require that the passwords to access the website and social media accounts for Local 568 be provided to the Recording Secretary and all other Board members of Local 568 that may request them. Catucci seconded this motion, and it was voted on and passed.

15. Rodriguez-Serrano also made a motion at the April 17, 2020 Executive Board meeting that the Executive Board be provided with expense reports for all committees, and that chairpersons provide monthly activity reports and website passwords, if any. The motion passed unanimously.

16. At the same April 17, 2020 Executive Board meeting, Catucci made a motion to:

> suspend the use of the Communications Committee until the elected officers/Executive Board can review the Committee's responsibilities and if they are in line with our bylaws and the TWU Constitution. Furthermore a review of the Committee will be conducted for its proficiency and benefit to the Local.

However, before the motion could be seconded, Rodriguez-Serrano tabled the motion because he believed that the motion was improper.

17. Rodriguez-Serrano asked Gonzalez to seek clarification from the International regarding Catucci's April 17, 2020 motion.

18. On April 18, 2020, Gonzalez sent an email to Andre Sutton (TWU International Air Division Director), Michael Mayes (TWU International Administrative Vice President), with a copy to Alex Garcia (TWU International Vice President). Sutton responded the same day expressing the opinion that all Local Presidents take direction from their Executive Boards, including with respect to committee appointments, and that any committee that has been appointed "reports directly to the Local Executive Board, and if determined not to be performing the obligations bestowed to them, can be

removed by the Board."

19. After discussing Sutton's response with Rodriguez-Serrano, and at Rodriguez-Serrano's request, Gonzalez sought a second opinion from Mayes, who agreed with Sutton's analysis and advice.

20. At an April 23, 2020 Special Executive Board meeting, Catucci again attempted to make a motion to suspend the use of the Communications Committee, but Hernandez informed Catucci that the motion did not relate to the topics being addressed at the special meeting and should instead be presented at a regular Executive Board meeting.

21. By the May 20, 2020 Executive Board meeting, Rodriguez-Serrano had not provided the Recording Secretary, or any other Executive Board member, with the passwords to Local 568's website and social media accounts.

22. As reflected in the meeting minutes, during the May 20, 2020 Executive Board meeting, Rodriguez-Serrano stated:

> At this time I will be removing Jarrod Gillen from the role/function of chairmen of the communications committee, communications will be solely under my jurisdiction as its been done in the past under Tom Lee and Sidney Jimenez. All passwords are under my control in a google drive and in this envelope. If something happens to me per chain of command will go to the 1st VP. Passwords will be in a safe box, once we have the code # board will be notified once in possession of the code.

23. At the May 20, 2020 Executive Board meeting, Executive Board members opposed Rodriguez-Serrano's removal of Gillen as Chair of the Communications Committee.

24. At the May 20, 2020 Executive Board meeting Rodriguez-Serrano asked Gonzalez to read Mr. Catucci's motion to suspend the use of the Communications Committee. Mr. Catucci stated, "we need to review the expenditures on committee, [we] will be losing a lot of members come October." Rodriguez-Serrano, who by this time had sent his own letter to TWU International President John Samuelson, stated he was still waiting

for clarification from the International. Rodriguez-Serrano never received a response from Samuelson.

25. At the June 15, 2020 Executive Board meeting, Catucci raised his previously tabled motion to suspend the use of the Communications Committee; this motion passed by a vote of 7-1.

26. At a June 17, 2020 regular membership meeting, a union member asked about expenditures associated with the Communications Committee. Iglesias responded by explaining, in part, that some of the expenses were incurred for redoing the website and sending emails. Rodriguez-Serrano then stated that the Communications Committee would "still be used." Rodriguez-Serrano stated this despite the Executive Board's vote to suspend the use of the Communications Committee.

27. Rodriguez-Serrano does not dispute that he continued to use the Communications Committee after June 15, 2020.

28. Mr. Rodriguez-Serrano did not provide the Recording-Secretary or any other Executive Board members with the passwords to the website or social media accounts.

29. At the July 22, 2020 Executive Board meeting, Catucci brought two charges against Rodriguez-Serrano: (1) a charge for failing to suspend the use of the Communications Committee as the Executive Board had voted to do at the June 15, 2020 Executive Board meeting; and (2) a charge for failing to turn over passwords for Local 568's website and social media accounts as voted upon at the April 17, 2020 Executive Board meeting.

30. When asked if at the time he brought the charges against Rodriguez-Serrano he believed Rodriguez-Serrano had violated the TWU Constitution, Catucci answered "Yes."

31. After Catucci brought the charges against Rodriguez-Serrano at the July 22, 2020 Executive Board meeting, the Executive Board voted 6-2 to suspend Rodriguez-Serrano as President.

32. The Executive Board members who voted to suspend Rodriguez-Serrano were: Hernandez, Catucci, Gonzalez, Lieberman, Whitehead, and Starling.

33. By letter dated July 24, 2020, Gonzalez provided Rodriguez-Serrano with a written statement of the reasons for his suspension. The letter explained Rodriguez-Serrano was suspended for failing to adhere to the April 17, 2020 motion to provide the password for Local 568's website and social media accounts, and for failing to adhere to the June 15, 2020 motion to suspend the use of the Communications Committee. The letter directed Rodriguez-Serrano to appear before the Local 568 Executive Board on July 31, 2020 at 10:00 AM for a hearing.

34. On July 28, 2020, Rodriguez-Serrano sent a letter to Gonzalez that stated, in part, "I request a trial by three members in good standing who have no financial or vested interest in the outcome."

35. By letter dated July 29, 2020, Gonzalez replied to Rodriguez-Serrano's July 28, 2020 letter stating that Rodriguez-Serrano would be receiving his due process as outlined in Article XXI Section 1, not Article XX. The letter further stated, in part, "As to your request of having a trial by three members in good standing who have no financial or vested interest in the outcome is respectfully denied, as this is a hearing on you being suspended as President of Local 568 and for you to explain your conduct to the Board."

36. Rodriguez-Serrano provided the Executive Board with the names of fourteen witnesses, two of whom (Mike Garcia and Sydney Jimenez) were not permitted to participate in the proceeding because they were not members in good standing of Local 568.

37. Rodriguez-Serrano conceded that neither Garcia nor Jimenez had any information about whether Rodriguez-Serrano had complied with the Executive Board's motions.

*The July 31, 2020 Hearing*

38. The hearing was conducted on July 31, 2020, lasted more than four hours, and was transcribed by a court reporter.

39. Catucci chaired the July 31, 2020 hearing and Lieberman co-chaired the hearing.

40. Lieberman compiled the evidence presented against Rodriguez-Serrano at the hearing.

41. Evidence provided during the hearing showed that the Communications Committee sent information to the membership after passage of the motion to suspend, that Rodriguez-Serrano stated at the June 17, 2020 membership meeting that he would continue to use the Communications Committee, and that Rodriguez-Serrano had failed to provide the website and social media passwords as instructed.

42. Gillen was present at the union hall on July 31, 2020 to serve as a witness for Rodriguez-Serrano.

43. Rodriguez-Serrano called several witnesses, testified himself, and was able to cross examine anyone who testified during his hearing.

*Rodriguez-Serrano Removed and Disciplined*

44. At the conclusion of the July 31, 2020 hearing, the Local 568 Executive Board voted 6-2 to remove Rodriguez-Serrano as President of Local 568.

45. Gonzalez testified that the evidence the Executive Board considered when removing Rodriguez-Serrano after the July 31, 2020 hearing was the same as the evidence the Executive Board considered when suspending Rodriguez-Serrano earlier on July 22, 2020.

46. The Executive Board members who voted to remove Rodriguez-Serrano were Hernandez, Catucci, Gonzalez, Lieberman, Whitehead, and Starling.

47. Following the July 31, 2020 hearing, Iglesias, Headley, Whitehead, and Starling left the union hall. Later that evening, Hernandez, Gonzalez, and Lieberman discussed placing Rodriguez-Serrano in bad standing for a period of three years.

48. Thereafter, Lieberman sent Rodriguez-Serrano a letter dated August 3, 2020 that stated, in part:

> This letter is to inform you that upon the conclusion of your hearing on July 31, 2020, under Article XX1 of the TWU Constitution 2017 addition, the Executive Board after careful review and discussion of the charges brought forth by 2nd Vice President Joe Catucci, had decided by majority vote to remove you from your position as President of TWU Local 568 for the remainder of your term and has placed you in bad standing for a period of three (3) years effective July 31, 2020. You will be ineligible to attend Union meetings, or participate in any Union functions. Per Article XX section 7 of the TWU Constitution 2017 edition which states " If any officer of the Local Union is found guilty of charges preferred against him/her, the Local Executive Board may remove him/her from office in addition to any other uniformly applied penalty it may imposed including ineligibility to hold any office or appointive position in the Local or International Union for a period not exceeding three years.

49. During its August 12, 2020 meeting, the Executive Board voted to place Rodriguez-

13

Serrano in bad standing for a period of three years.

50. The Executive Board members who voted to place Rodriguez-Serrano in bad standing for three years were Catucci, Gonzalez, and Lieberman.

51. Lieberman sent another letter to Rodriguez-Serrano dated August 13, 2020 that stated that at the August 12, 2020 Executive Board meeting, the Executive Board voted to place Rodriguez-Serrano in bad standing for three years.

52. Rodriguez-Serrano appealed the Executive Board's decision to the International Committee on Appeals. Local 568 provided information to the International Committee on Appeals, including evidence presented during the July 31, 2020 hearing.

53. The International Committee on Appeals denied Rodriguez-Serrano's appeal and upheld the Executive Board's decision.

54. Rodriguez-Serrano appealed the decision of the International Committee on Appeals to the International Constitutional Convention.

55. The Delegates of the 26th International Constitutional Convention "overwhelmingly voted to uphold the findings and decision of the International Committee on Appeals."

*Local 568's December 15, 2021 Election*

56. To be nominated as a candidate for office in Local 568's December 15, 2021 election, a member had to get a nomination petition from the Election Committee and obtain signatures from 116 members in good standing.

57. Rodriguez-Serrano intended to run for President in the December 15, 2021 election.

58. Hans Roncallo, the Election Committee Chair, did not allow Rodriguez-Serrano to obtain a nomination petition for the December 15, 2021 election.

59. Roncallo told Rodriguez-Serrano he could not run for office in the December 15, 2021 election because he was in bad standing.

60. By letter and email dated October 12, 2021, Rodriguez-Serrano submitted a pre-election protest to the Local 568 Executive Board.

61. Rodriguez-Serrano's October 12, 2021 pre-election protest alleged that his placement in bad standing was improper because the Executive Board failed to follow Article XX, Section 1 and "processed his case as a hearing [when] it should have been processed as a trial."

62. Roncallo sent an email to Rodriguez-Serrano on October 20, 2021 notifying him that he was ineligible to run for office in the December 15, 2021 election because he had been placed in bad standing for a period of three years.

63. By letter dated November 4, 2021, Rodriguez-Serrano appealed the Election Committee's decision to International Secretary Treasurer Jerome Lafragola.

64. True Ballot conducted Local 568's December 15, 2021 election via mail ballot; ballots were mailed to members on November 15, 2021.

65. Rodriguez-Serrano was not on the ballot as a candidate for President in the December 15, 2021 election.

66. Frederick "Fred" Harvey won the office of Local 568 President in the December 15, 2021 election.

*Rodriguez-Serrano's Complaint to the Department of Labor*

67. On January 24, 2022, having not received a final decision from TWU on his October 12, 2021 pre-election protest, Rodriguez-Serrano filed a complaint with the United States Department of Labor Office of Labor-Management Standards ("OLMS").

68. In a letter dated March 11, 2022, Samuelson explained that Article XXI of the TWU Constitution is the appropriate vehicle for disciplinary action against an Officer.

69. On March 16, 2022, the International Committee on Appeals denied Rodriguez-Serrano's November 4, 2021 appeal.

15

70. By letter signed April 26, 2022, Defendant agreed that the time within which Plaintiff may bring suit be extended to May 27, 2022.

### VII. ISSUES OF FACT THAT REMAIN TO BE LITIGATED AT TRIAL[3]

**B.  Issues of Fact Identified by the Department of Labor:**

1. Whether Catucci interrupted Rodriguez-Serrano during the July 31, 2020 hearing.

2. Whether Catucci misled Rodriguez-Serrano during the July 31, 2020 hearing.

3. Whether Catucci prevented Rodriguez-Serrano from fully answering the questions presented during the July 31, 2020 hearing.

4. Whether Catucci and Lieberman believed Rodriguez-Serrano had violated the TWU Constitution prior to the July 31, 2020 hearing.

5. Whether the evidence compiled and presented against Rodriguez-Serrano at the July 31, 2020 hearing was the same, or more of the same, evidence the Executive Board considered when it initially voted to suspend Rodriguez-Serrano as President.

6. Whether Catucci and Lieberman were biased against Rodriguez-Serrano.

**B.  Issues of Fact Identified by TWU Local 568**

1. Whether Rodriguez-Serrano was denied a full and fair hearing because Catucci and Lieberman were biased against him.

### VIII. ISSUES OF LAW ON WHICH THERE IS AGREEMENT

1. This Court has personal jurisdiction over the parties.

2. Venue is proper in the Southern District of Florida.

3. Rodriguez-Serrano's January 24, 2022 complaint is properly before the Acting Secretary of Labor pursuant to 29 U.S.C. § 482(a)(2).

4. Section 101(a)(5) of the LMRDA states, "No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues

    by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare a defense; (C) afforded a full and fair hearing." 29 U.S.C. § 411(a)(5).

5. Section 401(e) of the LMRDA states, in part, "[E]very member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 and to reasonable qualifications uniformly imposed)[.]" 29 U.S.C. § 481(e).

6. The Executive Board's decision to suspend Rodriguez-Serrano as President of Local 568 does not constitute "discipline" for purposes of the LMRDA.

7. The Executive Board's decision to remove Rodriguez-Serrano as President of Local 568 does not constitute "discipline" for purposes of the LMRDA.

8. Prior to the July 31, 2020 hearing, Rodriguez-Serrano received written specific charges and had a reasonable time to prepare a defense in accordance with section 101(a)(5) of the LMRDA.

## IX. ISSUES OF LAW THAT REMAIN FOR DETERMINATION BY THE COURT

### A. Issues of Law Identified by the Department of Labor:

1. Whether Catucci and Lieberman were biased against Rodriguez-Serrano.

2. Whether the July 31, 2020 hearing was full and fair as required by section 101(a)(5) of the LMRDA.

3. Whether Defendant's decision to place Rodriguez-Serrano in bad standing, which made him ineligible to run for, or hold office for a period of three years after the July 31, 2020 hearing constitutes "discipline" under the LMRDA.

4. Whether Defendant violated section 401(e) of the LMRDA when it declared Rodriguez-Serrano ineligible to run for President in the December 15, 2021 election based on the discipline imposed as a result of the July 31, 2020 hearing.

5. If Defendant violated section 401(e) of the LMRDA, whether that violation may have affected the outcome of the December 15, 2021 election for the office of President.

**B.  Issues of Law Identified by the TWU Local 568**

1. Whether Rodriguez-Serrano received a full and fair hearing under the LMRDA.

2. Whether the DOL has made specific factual allegations of bias that show that Catucci and Lieberman were biased against Rodriguez-Serrano and incapable of hearing Mr. Rodriguez-Serrano's case impartially.

3. Whether a showing of actual bias on the part of Catucci and Lieberman is required.

4. Whether the July 7, 2022 trial *de novo* cured the any defect of bias that may have existed in the earlier proceeding.

5. Whether the award of a new election pursuant to LMRDA § 402(c) is an equitable remedy and whether such relief is appropriate in this case.

## X.   TRIAL EXHIBITS

See Plaintiff, Department of Labor's Exhibit List – Attachment A

See Defendant Local 568's Exhibit List – Attachment B

## XI.  TRIAL WITNESSES

See Plaintiff, Department of Labor's Witness List – Attachment C

See Defendant Local 568's Witness List – Attachment D

## XII. ESTIMATED TRIAL TIME

The Department of Labor anticipates that it will require five full days to present its case in chief. The Department of Labor anticipates that it will complete its presentation in fewer than five days if it is able to admit its documentary exhibits in an efficient manner, without a large number of objections or custodial witnesses.

Defendant TWU Local 568 anticipates that it will require five full days to present its defense.

## XIII. ATTORNEY'S FEES

Neither the Department of Labor nor Local 568 is seeking attorney's fees.

Dated: May 4, 2023

Respectfully submitted,

| | |
|---|---|
| MARKENZY LAPOINTE<br>UNITED STATES ATTORNEY | PHILLIPS, RICHARD & RIND, PA |
| By: /s/ Chantel Doakes Shelton<br>Chantel Doakes Shelton<br>Assistant United States Attorney<br>Florida Bar No. 0118626<br>99 N.E. 4th Street, Suite 300<br>Miami, Florida 33132-2111<br>Tel: (305) 961-9353<br>Fax: (305) 530-7139<br>Email: Chantel.DoakesShelton@usdoj.gov | By: /s/ Osnat K. Rind,<br>Osnat K. Rind, Esq.<br>Florida Bar No. 958638<br>9360 SW 72 Street, Suite 283<br>Miami, FL 33173<br>Tel: (305) 412-8322<br>Fax: (305) 412-8299<br>Email: orind@phillipsrichard.com<br><br>*Attorney for Defendant* |

/s/ Veronica Harrell-James
Veronica Harrell-James
Assistant United States Attorney
Florida Bar No. 644791
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel: (305) 961-9327
Fax: (305) 530-7139
Email: Veronica.Harrell-James@usdoj.gov

*Attorneys for Plaintiff*

OF COUNSEL:

SEEMA NANDA
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

JEFFREY LUPARDO
Counsel for Labor-Management
and Civil Rights Enforcement

CHRISTA HENDERSON
Senior Attorney
U.S. Department of Labor