UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-21644-KMM

JULIE SU, *Acting Secretary of Labor*,
*United States Department of Labor*,

    Plaintiff,

v.

LOCAL 568, TRANSPORT WORKERS UNION
OF AMERICA, AFL-CIO,

    Defendant.
_____/

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Defendant's Bill of Costs (ECF No. 44) and Memorandum in Support of its Bill of Costs (ECF No. 44-1), pursuant to Southern District of Florida Local Rule 7.3(c), Federal Rule of Civil Procedure 54(d), and 28 U.S.C. § 1920.  The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law and/or to issue a Report and Recommendations regarding the Motion.  (ECF No. 47).  Plaintiff did not file a Response to the Motion and the time to do so has passed.  Therefore, Defendant's Motion is now ripe for review.  Having considered the Motion, the supporting materials attached thereto, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 44) be **GRANTED, in part**, and **DENIED, in part**, as further set forth below.

1

**I.     BACKGROUND**

Plaintiff filed this suit on May 27, 2022, on behalf of Local 568 member Luis Rodriguez-Serrano. Plaintiff alleged violations of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481–483.

Defendant filed a motion to dismiss the Complaint on August 2, 2022, which the District Court granted, in part, and denied, in part. (ECF Nos. 7, 21). On March 10, 2023, the Parties filed their respective Motions for Summary Judgment. (ECF Nos. 26, 28). The District Court denied Plaintiff's Motion for Summary Judgment and granted Defendant's Motion for Summary Judgment on June 6, 2023, closing the case. (ECF No. 43). Plaintiff moved to reconsider the District Court's Order, which was ultimately denied. (ECF Nos. 45, 54).

Defendant now moves to tax costs pursuant to Local Rule 7.3(c), Federal Rule of Civil Procedure 54(d), and 28 U.S.C. § 1920. Defendant's Memorandum in support of its Bill of Costs represents that Plaintiff does not oppose the requested relief.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees,

expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

### III. DISCUSSION

Defendant seeks to recover from Plaintiff costs in the amount of $11,650.30, consisting of: (1) $280.00 in fees for the service of subpoenas; (2) $240.00 in fees for witnesses; (3) $8,780.30 in transcription fees; and (4) $2,350.00 in court reporter attendance fees. In support of its request, Defendant has provided invoices evidencing the costs incurred defending the suit. (ECF No. 44). Defendant does not represent that it seeks post-judgment interest.

#### A. Defendant Is the Prevailing Party

As a preliminary matter, the Court finds that Defendant is the prevailing party entitled to an award of taxable costs against Plaintiff.

"A prevailing party is one in whose favor judgment is rendered and who has gained some relief." *Pediatric Nephrology Assocs. of S. Fla. v. Variety Children's Hosp.*, No. 16-24138-CIV, 2018 WL 4778456, at *2 (S.D. Fla. July 9, 2018), *report and recommendation adopted*, No. 1:16-CV-24138-UU, 2018 WL 4777166 (S.D. Fla. July 24, 2018) (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)); *cf. Emery v. Am. Airlines, Inc.*, 647 F. App'x 968, 973 (11th Cir. 2016) ("A

3

defendant is a prevailing party if the plaintiff achieves none of the benefits it sought in pursuing the lawsuit."). As the Eleventh Circuit has explained:

> To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d). . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims. . . . Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001) (alterations in original) (quoting *Head*, 62 F3d at 354).

In this case, the District Court granted summary judgment in favor of Defendant on all violations alleged by Plaintiff, and denied Plaintiff's subsequent motion for reconsideration. Accordingly, Defendant is the prevailing party and entitled to an award of costs. *See Haughton v. SunTrust Bank, Inc.*, 403 F. App'x 458, 459 (11th Cir. 2010) ("The district court determined correctly that Defendant, in whose favor the court had granted summary judgment, was the prevailing party.").

   **B.**  **Fees for Service of Subpoenas**

Defendant seeks to recover $280.00 in fees for the service of subpoenas on six witnesses who appeared for deposition. (ECF No. 44 at 3–8).

Under 28 U.S.C. §§ 1920 and 1921, private process server fees may be taxed so long as the taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Section 1921(b) states that the Attorney General shall prescribe the fees to be taxed and collected under subsection 1921(a). "Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b). Private process fees may be taxed but must not exceed the $65.00

4

per hour rate charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).

Defendant seeks $50.00 per subpoena for witnesses Daniel Brennan, Norman Brown, Ralston Headley, and Jorge Iglesias; and $40.00 per subpoena for witnesses, Jerrod Gillen and Luis Rodriguez-Serrano. (ECF No. 44 at 3–8). The invoices submitted confirm that Defendant seeks to recover costs in an amount less than the per hour rate charged by the U.S. Marshal. *See id.*

Upon review of the invoices, the amounts requested for witnesses Daniel Brennan, Norman Brown, Ralston Headley, Jerrod Gillen, and Luis Rodriguez-Serrano are reasonable and supported by the invoices. However, with regard to witness Jorge Iglesias, Defendant's invoice reflects that the service fee was $40.00, yet Defendant requests $50.00 for service of this subpoena. Defendant does not explain the discrepancy. As such, the undersigned recommends that Defendant recover $40.00 for service of the subpoena on Jorge Iglesias, consistent with the submitted invoice.

Accordingly, I recommend that Defendant recover $270.00 for the service of the subpoenas.

### C. Witness Fees

Defendant seeks to recover $240.00 in fees for six witnesses, under 28 U.S.C. § 1920(3) and 28 U.S.C. § 1821.

The cost of witness fees is taxable under 28 U.S.C. § 1920(3). "A witness who appears before a federal court 'or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States' is entitled to fees and allowances, including 'an attendance fee of $40 per day for each day's attendance.'" *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460,

463 (11th Cir. 1996) (quoting 28 U.S.C. § 1821(a)(1), (b)).  The amount that can be taxed for witness fees is limited by 28 U.S.C. § 1821, which "permits a witness payment of $40 per day for attendance in court or at a deposition, a common carrier travel expense or a mileage allowance, a per diem subsistence allowance if an overnight stay at the place of attendance is required, and other miscellaneous expenses, such as tolls, parking fees, and taxicab fares." *Transatlantic Lines, LLC v. Portus Stevedoring LLC*, No. 14-60528-CIV, 2016 WL 11547976, at *4 (S.D. Fla. Jan. 13, 2016), *report and recommendation adopted*, No. 14-60528-CIV, 2016 WL 11547727 (S.D. Fla. Feb. 11, 2016).

Defendant seeks to recover witness fees in connection with Daniel Brennan, Norman Brown, Ralston Headley, Jorge Iglesias, Jerrod Gillen, and Luis Rodriguez-Serrano who appeared for deposition.  Defendant has provided invoices documenting the costs associated with the deposition transcripts of these witnesses. (ECF No. 44 at 12, 13, 15–18).  Accordingly, and without objection from Plaintiff, I recommend that Defendant recover $240.00 in fees for witnesses.

**D.     Fees for Printed or Electronically Recorded Transcripts**

Defendant seeks to recover $8,780.30 in costs for printed or electronically recorded transcripts obtained in connection with thirteen depositions for Daniel Brennan, Norman Brown, Ralston Headley, Jorge Iglesias, Jerrod Gillen, Luis Rodriguez-Serrano, Mitchell Lieberman, Jimmy Gonzalez, Hans Roncollo, Joseph Catucci, Carlos Hernandez, Jennifer Allen, and Susan Nixon.  Defendant represents that these individuals were disclosed in Plaintiff's initial disclosures as individuals with knowledge about the case.

The cost of deposition transcripts is taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *See EEOC*, 213 F.3d at 620–21.  In determining the necessity of a deposition, it must only appear to have been reasonably necessary

6

at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

Not all deposition costs, however, are recoverable. Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012); *Garden-Aire Vill. S. Condo. Ass'n v. QBE Ins.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013).

Defendant represents that the depositions were necessary because Plaintiff disclosed the deponents as individuals with knowledge in its initial disclosures, and Plaintiff has not disputed the necessity of any of these transcripts for use in this case. The undersigned has additionally reviewed the invoices associated with each deposition to determine whether Defendant may properly recover the amount requested. To that end, I note that, while the invoices provided by Defendant evidence $10,887.60 in total costs for deposition transcripts, Defendant seeks to recover only $8,780.30. Defendant's request for $8,780.30 excludes the fees associated with expediting transcripts provided in the submitted invoices.[1] Upon review of the invoices, the Court finds that

---

[1] Defendant represents in its Memorandum that its request solely reflects the cost of the deposition transcripts on a non-expedited basis. However, the invoices for the deponents Daniel Brennan, Jerrod Gillen, Jorge Iglesias, Luis Rodriguez-Serrano, and Ralston Headley include a fee for expediting their transcripts, but do not separately list how much the expedited fee was. Defendant attached to its Bill of Costs the rates charged by the court reporting company that produced the transcripts. According to the rates provided, regular delivery of transcripts costs $4.40 per page. Based on this rate, the Court has independently calculated the fee of non-expedited transcripts for the deponents and

7

Defendant may recover the full costs requested for the depositions of the thirteen witnesses.

Accordingly, the undersigned recommends that Defendant be awarded $8,780.30 in costs for printed or electronically recorded transcripts.

### E.  Court Reporter Attendance

Lastly, Defendant seeks to recover $2,350.00 in fees for court reporter attendance. "Numerous courts have ruled that court reporter appearance fees are properly taxable as costs." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013) (collecting cases). "The cases that have permitted court reporter appearance fees reason that it is necessary for the court reporter to appear and record the testimony, and then to subsequently prepare the deposition transcript." *Id.*  Accordingly, with no opposition from Plaintiff, the undersigned recommends that Defendant be awarded $2,350.00 in fees for court reporter attendance.

## IV.  RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendant's Bill of Costs (ECF No. 44), be **GRANTED, in part**, and **DENIED, in part**, and that Defendant be awarded a total of **$11,640.30** in taxable costs, entered against Plaintiff, consisting of $270.00 for service of the subpoenas, $240.00 in witness fees, $8,780.30 for fees for printed or electronically recorded transcripts, and $2,350.00 in fees for court reporter attendance.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations.  Failure to timely file objections will bar a *de novo* determination by the

---

has concluded that the total cost of the non-expedited depositions transcripts is $8,780.30, the amount Defendant requests.

District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

    **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 18th day of January, 2024.

_____<br>
LAUREN F. LOUIS<br>
UNITED STATES MAGISTRATE JUDGE

cc:    Honorable K. Michael Moore
       Counsel of Record